UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 1 4 2017 ★

BROOKLYN OFFICE

UNITED STATES OF AMERICA

– against –

REZA EIFLAAR,

Defendant.

16-CR-636

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

**Appearances**

**For United States:**

Michael R. Maffei
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6106
michael.maffei2@usdoj.gov

**For Defendant:**

Samuel I. Jacobson
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
718-407-7429
samuel_i_jacobson@fd.org

# Table of Contents

I.     Introduction.................................................................................................... 1
    A.   Instant Offense ........................................................................................ 1
    B.   Arrest ...................................................................................................... 2
    C.   Guilty Plea ............................................................................................. 2
    D.   Sentencing Hearing................................................................................ 2
II.    Offense Level, Category, and Sentencing Guidelines Range ........................ 3
III.   Law ................................................................................................................. 3
IV.   18 U.S.C. § 3553(a) Considerations ............................................................. 4
V.    Consistency in Sentencing ............................................................................ 5
VI.   Sentence ......................................................................................................... 6
VII.  Conclusion ..................................................................................................... 6

## I.    Introduction

This prison sentence for importation of cocaine by swallowing pellets is short, consistent with my policy of deporting defendants with no criminal record as quickly as possible. *See infra*, Part V (Consistency in Sentencing).

Defendant is a 26-year old Dutch citizen, born in Paramaribo, Suriname. Presentence Investigation Report, Feb. 17, 2017 ("PSR") at 2. In January of 2017, he pled guilty to one count of importation of cocaine, 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(3), and one count of possession with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See* Guilty Plea Transcript, Jan. 19, 2017, ECF No. 15 ("Pleading Tr."), at 16:10-15. On June 6, 2017, defendant was sentenced to time served after serving six months, supervised release for three years, and a $200 special assessment. *See* Sentencing Hr'g Tr., Jun. 6, 2017 ("Sent. Hr'g"). Following his release from custody in the present case, he is expected to be promptly deported. *See id.*

### A.    Instant Offense

On November 26, 2016, defendant traveled aboard a flight leaving from Republic of Trinidad and Tobago, and arriving in Queens, New York. PSR at ¶ 4. Upon his arrival at John

F. Kennedy International Airport ("JFK"), he was selected for a Customs and Border Protection ("CBP") examination. *Id.* While inspecting defendant's suitcase, CBP officers noted that defendant appeared nervous. *Id.* Mr. Eiflaar consented to an x-ray examination; it revealed foreign bodies in his intestinal tract. *Id.* at ¶ 5. He ultimately passed 100 pellets containing 1.1118 gross kilograms of cocaine. *Id.* at ¶ 6. A Drug Enforcement Administration laboratory analysis revealed that the net weight of the cocaine was 800 grams. Gov't Sentencing Mem., May 31, 2017, ECF No. 16 ("Gov't Sent. Mem."). Defendant recognizes the extreme danger to himself of this method of importation – the pellets may break with their contents released into the digestive system.

**B.    Arrest**

Mr. Eiflaar was arrested on November 26, 2016, after his arrival at JFK in Queens, New York. PSR at ¶ 5. He has remained incarcerated since his arrest. *Id.* at ¶ 45.

**C.    Guilty Plea**

On January 19, 2017, he pled guilty to one count of importation of cocaine into the United States, 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(3), and one count of possession with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See* Pleading Tr. at 16:10-15. Each offense carried a maximum term of imprisonment of 20 years, with no mandatory minimum. 21 U.S.C. § 960(b)(3); 21 U.S.C. § 841(b)(1)(C).

**D.    Sentencing Hearing**

A sentencing hearing was conducted on June 6, 2017. *See* Sent. Hr'g. The proceedings were videotaped to develop an accurate record of the courtroom atmosphere, as well as some of the subtle factors and considerations that a district court must consider in imposing a sentence. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

## II. Offense Level, Category, and Sentencing Guidelines Range

Defendant's base offense level is 24. *See* PSR at ¶ 12. The offense level was reduced by four points pursuant U.S.S.G. § 3B1.2(a) because defendant was a minimal participant in the offense; two points pursuant to U.S.S.G. §§ 2D1.1(b)(17) and 5C1.2 ("safety valve") because defendant provided complete and truthful information pertaining to the instant offense; and three points pursuant to U.S.S.G. § 3E.1.1(a)-(b) for defendant's acceptance of responsibility. *Id.* at ¶¶ 13-20; Gov't Sent. Mem.; Def.'s Sentencing Mem., June 4, 2017, ECF No. 18 (Def.'s Sent. Mem."). The total adjusted offense level is 15. PSR at ¶ 21; Gov't Sent. Mem.; Def.'s Sent. Mem. With a criminal history category of I, the Guidelines sentencing range for a defendant with a total adjusted offense level of 15 is 18 to 24 months. *See* U.S.S.G. Ch. 5 Pt. A; PSR at ¶ 52; Gov't Sent. Mem.

## III. Law

Pursuant to the Supreme Court's decision in *United States v. Booker*, the Guidelines are advisory; a sentencing court may depart from the Guidelines in the interest of justice as well as in light of other statutory concerns as expressed in section 3553(a). *United States v. Booker*, 543 U.S. 220, 245-46 (2005); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) ("It is now, however, emphatically clear that the Guidelines are guidelines – that is, they are truly advisory. A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense.").

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society, and our economy, parsimony in incarceration is encouraged. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary."); National Research Council of the National

Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences* 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## IV.   18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of defendant." 18 U.S.C. § 3553(a)(1).

Mr. Eiflaar was born in 1991 in Paramaribo, Suriname. PSR at ¶ 30. His father, who died during an operation in 2013, was a military police officer. His mother is employed in the marketing department of a paint factory. *Id.* at ¶¶ 30-31. She is aware of defendant's conviction and remains supportive. *Id.* at ¶ 31. Mr. Eiflaar was raised in a stable family. He lived with his family in a low-income household until he moved in with his girlfriend at the age of 20. *Id.* at ¶ 33. He has lived in Suriname his entire life except for a one-year period from 2013 to 2014, when he and his girlfriend legally resided in France. *Id.* at ¶ 34.

Defendant Eiflaar and his girlfriend have two children, ages six and three, and a third child due in June 2017. *Id.* at ¶ 36. She recently moved to the countryside in Suriname to work as a teacher, leaving their two children in the care of their maternal grandmother. *Id.* Their older child requires medication for asthma, and Mr. Eiflaar is forced to pay the medical expenses out-of-pocket because he lacks health benefits. *Id.*

Mr. Eiflaar attended school between 1995 and 2011, completing all but the last year of high school. *Id.* at ¶ 43. He was a good student, but he stopped attending school before graduation to financially support his older child. *Id.* Since 2010, he has worked at a tile factory during the day and as a taxi driver at night. *Id.* at ¶ 46. He also played amateur soccer. *Id.* ¶ 43.

He has no history of mental or emotional health problems. *Id.* at ¶ 41. Between 2011 and the instant arrest, he smoked marijuana every night. *Id.* at ¶ 42. He has no other history of illicit drug use and has never received substance abuse treatment. *Id.*

Since his arrest, defendant has shown remorse for this conduct. He provided information to the government relating to the offense. *See id.* at ¶¶ 13, 20; Sent. Hr'g. The interests of justice are best served by allowing him to go back to Suriname immediately. Imposing a custodial sentence would require the United States to pay for defendant's incarceration, while preventing defendant from supporting his family. The cost to taxpayers to imprison defendant is approximately $32,000 annually. *See* Mem. from the Administrative Office of the U.S. Cts., Cost of Community Supervision, Detention, and Imprisonment, June 24, 2016.

## V. Consistency in Sentencing

This court has been attempting to rationalize its sentences by establishing general criteria for 'similar' cases. With respect to cases in which defendant is a noncitizen facing deportation following incarceration, this court has determined that, "[c]onsidering the grave hardships deportation entails, the nation's present deportation policy, and the core purposes of criminal sentencing, *see* 18 U.S.C. § 3553, imposition of minimal prison time with prompt deportation should be normal in such cases—subject to variations for individual circumstances." *United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *1 (E.D.N.Y. Sept. 24, 2014); *see also United States v. Sarpong*, No. 14-CR-242, 2014 WL 5363775, at *2 (E.D.N.Y. Oct. 21, 2014) (accounting for prospect of deportation when imposing a term of incarceration); *United States v. Palaguachy*, No. 14-CR-0184, 2014 WL 6606668, at *2 (E.D.N.Y. Nov. 19, 2014) (same); *United States v. Florez Parra*, No. 14-CR-332, 2015 WL 105885, at *2 (E.D.N.Y. Jan. 7, 2015) (same); *United States v. Chery*, No. 16-CR-181, 2016 WL 4491720, at *3 (E.D.N.Y. Aug. 25, 2016); *United States v. Solomon*, No. 16-CR-286, 2016 WL 6634913, at *4 (E.D.N.Y. Nov.

8, 2016) (same); *United States v. Johnson*, No. 16-CR-593, 2017 WL 1157186, at *3 (E.D.N.Y. Mar. 28, 2017).

## VI. Sentence

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. In light of the nature of the offense and the characteristics of defendant, Mr. Eiflaar is sentenced to time served of six months. *See* Sent. Hr'g. A $100 special assessment for each count ($200 in total) was imposed. 18 U.S.C. § 3013. No fine was imposed in light of defendant's inability to pay one. *See* Sent. Hr'g.; PSR at ¶ 50. Three years supervised release was ordered. *See* Sent. Hr'g.

General and specific deterrence are achieved by the sentence imposed. Mr. Eiflaar pleaded guilty to a serious offense. He has expressed genuine remorse for his conduct and understands the gravity of his actions. Defendant served approximately six months in prison. He will be deported and will suffer the collateral consequences of a felony conviction, as well as the conditions of a three-year supervised release term. It is highly unlikely that he will again violate the laws of the United States.

## VII. Conclusion

All relevant elements of the Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: June 12, 2017
Brooklyn, New York